UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE A.,

                Plaintiff,                              **DECISION AND ORDER**

     v.

                                                           1:20-cv-01007-EAW

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

## INTRODUCTION

Plaintiff George A. ("Plaintiff") seeks attorneys' fees in the amount of $7,244.50 pursuant to 42 U.S.C. § 406(b). (Dkt. 24). The Commissioner of Social Security ("the Commissioner") does not object to the requested amount but defers to the Court to determine the timeliness and the reasonableness of Plaintiff's fee request. (Dkt. 25). For the reasons that follow, the Court grants Plaintiff's motion.

## BACKGROUND

On August 3, 2020, Plaintiff filed this action, seeking review of the Commissioner's final decision denying his application for Disability Insurance Benefits. (Dkt. 1). Plaintiff moved for judgment on the pleadings on September 13, 2021. (Dkt. 20). On November 23, 2021, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision, and remanding the matter for further proceedings. (Dkt. 22).

On December 13, 2022, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, in which Plaintiff was awarded $60,478.00 in past-due benefits. (Dkt. 24-4 at 3).

On December 30, 2022, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking $7,244.50 in attorney's fees. (Dkt. 24-1 at 1). Plaintiff's counsel indicated that Plaintiff had not filed an application for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") due to a clerical error. (*Id*. at 4). However, she included the intended proposed EAJA fee calculations in the instant application, which she used to calculate Plaintiff's § 406(b) attorney's fees by deducting what would have been the EAJA fees from the $15,119.50 withheld by the Commissioner. (*Id*. at 4).

The Commissioner filed a response on January 30, 2023. (Dkt. 25).

## DISCUSSION

### I.  Timeliness of the Motion

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id*. at 89 n.5.

Here, the Commissioner issued the Notice of Award on December 13, 2022. (Dkt. 24-4). Plaintiff's counsel filed her application on December 30, 2022, seventeen days after the Notice. (Dkt. 24). Accordingly, the Court finds the application timely.

II.  **The Reasonableness of the Requested Fee**

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*.  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits.  "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17.  As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).  Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the

25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $7,244.50 for legal services rendered asserting that the request is reasonable and within the statutory limitation of 25% of Plaintiff's total past-due benefits.  (Dkt. 24-1 at 9-16).  Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff.  Counsel provided effective representation resulting in Plaintiff successfully receiving the benefits sought, and there is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation.  Although counsel sought two extensions during the course of Plaintiff's litigation (Dkt. 16; Dkt. 18), the Court does

not find that the requests delayed any court proceedings in an attempt to inflate past-due benefits or the potential fee award. The success of Plaintiff's claim was uncertain as demonstrated by multiple denials of his application at the agency level.

The Court notes that counsel's failure to timely file an EAJA application has been well-recognized by courts of this Circuit as a factor that weighs on the determination of whether an attorney's fee application under § 406(b) is reasonable. *See Blair v. Colvin*, No. 5:11-cv-404 (GLS/GHL), 2014 WL 3891321, at *1 (N.D.N.Y. Aug. 7, 2014) ("In determining whether the requested fees pursuant to § 406(b) are reasonable, the court is entitled to take into account counsel's failure to timely file a colorable EAJA application."); *Gallo v. Astrue*, No. 10-CV-1918, 2011 WL 5409619, at *2 (E.D.N.Y. Nov. 8, 2011) ("While an attorney is by no means required to apply for EAJA fees in every case, his failure to do so in certain cases may bear on the reasonableness of any future fee he requests under the SSA."). The main reason behind such a consideration is the potential financial burden that a claimant could suffer if counsel fails to apply for EAJA fees. "Where an EAJA application would have succeeded, each dollar that would have [been] awarded under the EAJA (up to the amount requested under the SSA) is a dollar the claimant should receive but does not." *Id.*; *see also Iliceto v. Sec'y of Dep't of Health & Hum. Servs., of U.S.*, No. CV-83-2160, 1990 WL 186254, at *1 (E.D.N.Y. Nov. 14, 1990) ("The government pays EAJA fees, and as a result, the amount of 406(b) fees paid out of the plaintiff's award is reduced by the size of the EAJA grant. In short, filing for EAJA fees saves the plaintiff money. If the attorney could have received EAJA fees but failed to apply for them, it is unfair to make the plaintiff bear the burden of this error.").

Here, counsel submits that she never made an application for EAJA fees due to a clerical error, and it does not appear from the parties' submissions that they have ever discussed counsel's proposed EAJA fee application. She requests $7,244.50 in attorney's fees, which she calculated by deducting the intended, but never requested, EAJA fees of $7,875.00 from the $15,119.50 that was withheld by the Commissioner from Plaintiff's past-due benefits for attorneys' fees. (Dkt. 24-1 at 5-6). The Commissioner does not disagree with Plaintiff's counsel's proposed calculation that would warrant the award of $7,875.00 in EAJA fees based on 37.5 hours spent by Plaintiff's counsel. (Dkt. 25 at 6). Because Plaintiff's attorney's fee request accounts for the potential EAJA fees that could have been awarded had counsel sought them, the Court finds the instant fee request reasonable. *See Gallo*, 2011 WL 5409619, at *3 (the Court is required to reduce the amount of attorney's fees allocated by the Commissioner by "the maximum amount that [counsel] could have received had he successfully applied for EAJA fees.").

The requested fee would result in a *de facto* hourly rate of $193.19 ($7,244.50 divided by 37.5 hours), which is significantly lower than the rates that have been approved in this District. *See, e.g.*, *Amy Sue H. v. Comm'r of Soc. Sec.*, 1:17-cv-00713-JJM, 2021 WL 4519798, at *3 (W.D.N.Y. Oct. 4, 2021) (collecting cases finding effective hourly rates between $697.20 and $1,000.00 to be reasonable in this district); *Jennifer W. v. Saul*, 18-CV-493F, 2021 WL 1624288, at *3 (W.D.N.Y. Apr. 27, 2021) (approving an effective hourly rate of $812.75 where plaintiff prevailed on motion for judgment on the pleadings); *Douglas M. v. Saul*, 17-CV-1187F, 2021 WL 1298491, at *3 (W.D.N.Y. Apr. 6, 2021) (approving an effective hourly rate of $841.87 where plaintiff prevailed on motion for

judgment on the pleadings); *Lucia M. v. Saul*, 15-CV-270F, 2021 WL 1298489, at *4 (W.D.N.Y. Apr. 6, 2021) (approving an effective hourly rate of $906.76).

Having considered the required factors, the Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitute a windfall to Plaintiff. Counsel's effective hourly rate of $193.19 is well within the range of awards generally approved in this district for similar work performed. *See, e.g.*, *Fields,* 24 F.4th at 851, 856 (2d Cir. 2022) (an effective hourly rate of $1,556.98 was not a "windfall").

The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id*. (quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 24) is granted, and the Court hereby orders that Plaintiff's counsel shall be paid attorneys' fees in the amount of $7,244.50 out of funds withheld by the Commissioner from Plaintiff's past-due benefits.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: March 13, 2023
Rochester, New York